[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 9, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13472
Non-Argument Calendar

_____

D. C. Docket No. 06-00179-CR-ODE-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

TIMOTHY PRUNICK,
a.k.a. makene1squirt,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 9, 2008)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

The government appeals the district court's order granting Timothy

Prunick's motion for a new trial. Prunick was indicted for: (1) attempted use of a computer to entice a minor to engage in sexual activity, 18 U.S.C. § 2422(b), (Count One); (2) traveling interstate with the intent to engage in sexual activity with a child under the age of 12, 18 U.S.C. § 2241(c), (Count Two); (3) transporting child pornography, 18 U.S.C. § 2252A(a)(1), (Count Three); and (4) possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B), (Count Four). The court denied Prunick's pretrial motion to sever Counts One and Two and try them separately from Counts Three and Four, the pornography charges.

The jury ultimately found Prunick guilty on Counts One and Two and not guilty on Counts Three and Four. The court then granted Prunick's motion for a new trial, based on the finding that he suffered compelling prejudice in trying the pornography charges with the enticing and traveling charges, and that the pornographic images would not be admissible in a separate trial on Counts One and Two.

Pursuant to Federal Rule of Criminal Procedure 33, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A district court's decision to grant a new trial is within the "sound discretion of the . . . court and will not be overturned on appeal unless the ruling is so clearly erroneous as to constitute an abuse of

2

discretion." *United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994) (internal quotation marks omitted). This standard is "broad" and "is not limited to cases where the district court concludes that its prior ruling, upon which it bases the new trial, was legally erroneous." *Id.* A district court may grant a new trial when a defendant was "unable to receive a fair trial and suffered actual, compelling prejudice . . . ." *United States v. Pedrick*, 181 F.3d 1264, 1267 (11th Cir. 1999).

The issue before us is whether the district court abused its discretion in finding compelling prejudice sufficient to warrant a new trial on Counts One and Two. The following facts support the district court's finding: (1) the illicit pornographic images were quite graphic and disturbing, highly inflammatory in nature, and displayed on a large screen at trial; (2) the government repeatedly linked the presence of the images on Prunick's computer to his intent in traveling to Atlanta; and (3) the images were almost two years old; they had automatically been saved onto Prunick's computer; and Prunick was likely unaware of and unable to access them. The record thus supports the finding of the court, which "saw the witnesses, heard all of the evidence, and is in the best position to evaluate whether [Prunick] suffered compelling prejudice warranting a new trial." *Id.* at 1272.

Accordingly, the district court did not abuse its discretion, and we affirm the

3

grant of a new trial as to Counts One and Two of the indictment.

**AFFIRMED.**