[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14593
Non-Argument Calendar

_____

D. C. Docket No. 07-00042-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN LEROY GREEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(April 30, 2008)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Kevin Green, through counsel, appeals his conviction for possession of a

firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

On appeal, Green argues that (1) the evidence presented at trial was insufficient to establish that he knowingly possessed a firearm; and (2) the district court abused its discretion in denying his motion for a new trial based on the weight of the evidence and newly discovered evidence.

Beginning with the first issue, we review *de novo* "whether there is sufficient evidence to support the jury's verdict." *United States v. Ortiz*, 318 F.3d 1030, 1036 (11th Cir. 2003) (per curiam). We will affirm a conviction if we determine that "a reasonable trier of fact could conclude that the evidence establishes guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). In making this determination, we review the evidence in the light most favorable to the government, drawing all reasonable inferences and making credibility choices in the government's favor. *United States v. Garcia-Jaimes*, 484 F.3d 1311, 1319-20 (11th Cir.), *petition for cert. filed*, (U.S. June 11, 2007) (No. 06-11863). Furthermore, "[i]t is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt . . . ." *United States v. Calderon*, 127 F.3d 1314, 1324 (11th Cir. 1997).

"To obtain a conviction for being a felon in possession of a firearm, the

2

[government] must prove beyond a reasonable doubt that [Green] was (1) in knowing possession of a firearm, (2) a convicted felon, and (3) that the firearm affected interstate commerce." *United States v. Glover*, 431 F.3d 744, 748 (11th Cir. 2005) (per curiam) (internal quotation marks omitted). Green argues only that the government failed to provide sufficient evidence to prove that he knowingly possessed a firearm. Because Green stipulated at trial to being a convicted felon, and he does not contest the sufficiency of the evidence establishing an interstate nexus, any arguments based on those grounds are waived. *See Access Now, Inc. v. Southwest Airlines, Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (stating that issues not argued on appeal are abandoned).

A reasonable fact-finder could conclude beyond a reasonable doubt that Green was in knowing possession of a gun based on the following evidence: (1) the arresting officer saw Green make movements with his hand and heard a clicking sound, like metal against stucco, hitting a nearby house; (2) immediately thereafter, the officer discovered the gun where Green had been standing and observed that it was marked with stucco residue; and (3) a witness identified the gun retrieved by the officer as the gun she saw Green brandish earlier that night.[1]

---

[1] Green contends that the witnesses' testimony is not worthy of belief, based in part on his allegations of bias and inconsistencies. We may not, however, review determinations made by the jury as to the credibility of witness testimony unless such testimony is "incredible as a matter of law." *Calderon*, 127 F.3d at 1325. Testimony is incredible as a matter of law only

Next, we turn to Green's argument that the district court abused its discretion in denying his motion for a new trial on the basis of the weight of the evidence and newly discovered evidence.

"We review a district court's denial of a motion for new trial for abuse of discretion." *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006) (en banc). The broad standard for granting a new trial is whether the verdict must be set aside "'in the interest of justice.'" *United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994); *see* Fed. R. Crim. P. 33(a).

We review a district court's ruling on motion for a new trial based on the weight of the evidence differently than we review a challenge to the sufficiency of the evidence. *See United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985). In evaluating a motion for new trial based on the weight of the evidence, the evidence is not viewed in the light most favorable to the verdict, and the district court "may weigh the evidence and consider the credibility of the witnesses." *Id.* However, "[t]he court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *Id.* at 1312-13. For a court to set aside the verdict, "[t]he evidence must preponderate heavily

---

when it is "unbelievable on its face" and relates to facts that the witness "physically could not have possibly observed or events that could not have occurred under the laws of nature." *Id.* (internal quotation marks omitted). Green has failed to show that the testimony of any witness is incredible as a matter of law.

4

against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.* at 1313. We have noted that motions for new trial based on the weight of the evidence are not favored and are granted "sparingly and with caution," only in "exceptional cases." *Id.* (internal quotation marks omitted).

A motion for a new trial based on newly discovered evidence is also "highly disfavored" and "should be granted only with great caution." *Campa*, 459 F.3d at 1151 (internal quotation marks omitted). A new trial based on newly discovered evidence is warranted only if: "(1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result." *United States v. Thompson*, 422 F.3d 1285, 1294 (11th Cir. 2005) (internal quotation marks omitted). "The failure to satisfy any one of these elements is fatal to a motion for a new trial." *Id.* (internal quotation marks omitted).

The district court did not abuse its discretion in denying Green's motion for a new trial. Even considering the credibility of the witnesses and any inconsistencies in their testimony, the weight of the evidence does not preponderate heavily against the verdict. Additionally, the photographs and videotape, which Green relied on to support his motion on the basis of newly

5

discovered evidence, were disclosed prior to trial, so they were not newly

discovered. Lastly, Green was not prejudiced by the timing of the fingerprint

expert's examination of the gun because the expert did not find a useable print.

Accordingly, for the above stated reasons, we affirm Green's conviction.

**AFFIRMED.**