[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14426
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00360-CR-J-25-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREY LAMONT ALBERTIE,
a.k.a Carey Lamont Albertie,
a.k.a. Corey Alberti,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 14, 2010)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Corey Albertie appeals his conviction for possession of a firearm by a

convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). After a thorough review of the record, we affirm.

Albertie was indicted after a traffic stop in which police found two firearms in the car in which he was a passenger. Albertie moved to suppress the guns on the grounds that there was no probable cause to believe he had committed a crime and that the traffic stop was unreasonable in its duration and scope. He did not, however, challenge the validity of the stop itself. After a hearing, the district court concluded that the evidence was found during a lawful search of the vehicle incident to the driver's arrest.

At trial, Deputy Wilfred Quick testified that late one evening he observed a vehicle stopped in the middle of the road without its headlights on. He activated his emergency lights and instructed the driver to pull over. Because he had passengers in his vehicle, Quick called for backup. While awaiting backup, Quick asked the driver, Fred Parrish, for his license. Parrish produced only an ID card. When Deputy Jared Witowski arrived, he placed Parrish under arrest for driving with a suspended license and removed passengers Albertie and Angela Camilleri from the car. Quick searched the car and found two loaded firearms under Albertie's seat. Camilleri testified that Parrish and Albertie each had a gun and that they had placed the weapons under Albertie's seat.

2

A video taken from Quick's dash-board camera showed that Parrish's car was traveling at a slow rate of speed without its headlights on and had crossed the center line when Quick encountered it. Despite the conflicting video, Quick repeated his testimony that the car was stopped in the middle of the road when he saw it.

Albertie stipulated to the fact that he had a prior conviction and the parties gave a two-page statement of the stipulation to be submitted to the jury. After confirming that defense counsel had read the stipulation, the district court read to the jury from the first page of the stipulation, "The defendant, Corey Lamont Albertie, prior to May 8th, 2008, was convicted of the crimes punishable by imprisonment exceeding one year, that is the following felony convictions . . . ." At that point the judge stopped and called the attorneys to the bench because the rest of the stipulation detailed Albertie's specific prior convictions. The government explained that only the second page of the stipulation was to be published to the jury and that the first page, which included the statement the court had just read, was for purposes of the record only. Page two of the stipulation stated,

> The parties further request that the following stipulation be read to the jury: The Defendant, COREY LAMONT ALBERTIE, and the United States have reached a stipulation in this case. The Defendant COREY LAMONT ALBERTIE, prior to May 8th, 2008, was convicted in a

court of a crime punishable by imprisonment for a term in excess of one year which is a felony offense.

The district court then read to the jury this portion from page two. At the close of the government's case, the district court excused the jury and spoke with the parties:

I've already read to this jury that the defendant was convicted of crimes punishable by imprisonment exceeding one year. And that's disturbing–that presents somewhat of a problem for me. While it didn't go into what he had been convicted of, it did say he had been convicted of crimes punishable by one year–by more than one year.

Albertie explained that he had not submitted the stipulation to the court and that it was not his burden of proof. At no time did he request any curative instruction or move for a mistrial.

Albertie requested a continuance until the following morning to give him time to locate Parrish, who was under government subpoena. The government informed the court that it had been looking for Parrish and had delivered a subpoena to Parrish's last known address, but it said that the authorities had not been able to locate him. Defense counsel conceded that he also had no idea where Parrish was but stated that Parrish's testimony would impeach Camilleri's testimony that no one had left the guns in the car. The court denied the continuance.

The jury convicted Albertie, and the court sentenced him to 235 months'

imprisonment.

Albertie filed a motion for a new trial, arguing that the guns should have been suppressed due to Quick's "false" testimony. He also argued that the court erred by denying the continuance to locate Parrish and by admitting the unredacted stipulation referring to more than one felony conviction. The court summarily denied the motion. This appeal followed.

On appeal, Albertie argues that (1) the district court abused its discretion by denying his motion for a continuance to secure Parrish's supposedly exculpatory testimony at trial, (2) the district court abused its discretion by refusing to reconsider and grant his motion to suppress because Quick's testimony at the suppression hearing was allegedly false, and (3) the district court erred in failing to grant a new trial after it inadvertently advised the jury that Albertie had multiple felony convictions. We address each issue in turn.

I.

We review the denial of a motion for a continuance for abuse of discretion. *United States v. Douglas*, 489 F.3d 1117, 1128 (11th Cir. 2007). Albertie must demonstrate that "the denial was an abuse of discretion and that it produced specific substantial prejudice." *Id.* We determine whether the district court properly denied the motion "in light of the circumstances presented, focusing upon

5

the reasons for the continuance offered to the trial court when the request was denied." *Id.* In doing so, we consider four factors:

> (1) the diligence of the defense in interviewing the witness and procuring his testimony; (2) the probability of obtaining the testimony within a reasonable time; (3) the specificity with which the defense was able to describe the witness's expected knowledge or testimony; and (4) the degree to which such testimony was expected to be favorable to the accused, and the unique or cumulative nature of the testimony.

*Id.*

Here, we conclude that the district court did not abuse its discretion by denying the motion. Albertie's witness, Parrish, had eluded several law enforcement agencies for a period of weeks, and Albertie conceded that he had no idea where to find him. In addition, Albertie had had more than six months before trial to locate Parrish but had not done so. Moreover, there was no evidence that Parrish's testimony would have been favorable to Albertie. *United States v. Bergouignan*, 764 F.2d 1503, 1508 (11th Cir. 1985) (holding that the district court did not abuse its discretion when, at the time it considered the motion for a continuance, the defendant "could not demonstrate that his future efforts [to obtain exculpatory documents] would be any more successful than those in the past" and there was "no assurance that more time would produce the evidence"). As a result, the district court's denial did not cause any specific, substantial prejudice.

6

*Douglas*, 489 F.3d at 1128.

## II.

"The decision to grant or deny the new trial motion is within the sound discretion of the trial court and will not be overturned on appeal unless the ruling is so clearly erroneous as to constitute an abuse of discretion." *United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994) (internal quotations omitted). A defendant may file a motion for a new trial "if the interest of justice so requires" or based on newly discovered evidence. Fed. R. Crim. P. 33(a), (b)(1). But "motions for a new trial are highly disfavored, and that district courts should use great caution in granting a new trial motion based on newly discovered evidence." *United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003) (internal quotations omitted). A new trial may be granted "when a defendant was unable to receive a fair trial and suffered actual, compelling prejudice." *United States v. Pedrick*, 181 F.3d 1264, 1267 (11th Cir. 1999).

Here, although Albertie challenges the district court's failure to reconsider his motion to suppress, the arguments he raises are those contained in his motion for a new trial. Therefore, we will review these issues in the context of the denial of his motion for a new trial.

To prevail on a claim that evidence was seized during an unreasonable

search, in violation of the Fourth Amendment, the "individual challenging the search bears the burdens of proof and persuasion" to show that the search was unreasonable. *United States v. Newsome*, 475 F.3d 1221, 1223-24 (11th Cir. 2007). In reviewing the denial of a motion to suppress, we may "review the entire record, including trial testimony." *Id.* at 1224. "Under the Fourth Amendment, a decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation occurred." *United States v. Simmons*, 172 F.3d 775, 778 (11th Cir. 1999).

We conclude that the district court did not abuse its discretion. Albertie's motion for a new trial was based on allegedly false testimony. Albertie did not challenge the validity of the traffic stop and has waived any such claim. *United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998). The testimony at trial established that the car did not have the headlights on. These facts gave Quick probable cause to believe Parrish had committed a traffic violation. Albertie has not demonstrated that the officer's testimony on this issue was false, and thus has not met his burden of proving that the subsequent search was unreasonable. *See Newsome*, 475 F.3d at 1224; *Simmons*, 172 F.3d at 778. As a result, Albertie has not demonstrated that his motion to suppress should have been granted on reconsideration, that he was unable to receive a fair trial, or that he suffered actual,

8

compelling prejudice as a result of the denial of his motion to suppress. *Pedrick*, 181 F.3d at 1267.

III.

Federal Rule of Evidence 403 makes relevant evidence inadmissible if its "probative value is substantially outweighed by the danger of unfair prejudice," and Rule 404(b) makes evidence of "other crimes, wrongs, or acts" inadmissible "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 403, 404(b). When a defendant is charged as a felon in possession of a firearm, evidence concerning the nature of the prior felony offense is improperly admitted when the defendant otherwise admits his status as a felon because the risk of unfair prejudice substantially outweighs the probative value of the evidence. *Old Chief v. United States*, 519 U.S. 172, 174, 185 n.8 (1997).

If the district court admits evidence in violation of Rule 403 or 404(b), we review the conviction under a harmless error standard. *United States v. Gunn*, 369 F.3d 1229, 1236 (11th Cir. 2004). An error is harmless if it "had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." *United States v. Hands*, 184 F.3d 1322, 1329 (11th Cir. 1999). "We determine whether an error had substantial influence on the outcome by weighing the record as a whole, examining the facts, the trial context of the error, and the

9

prejudice created thereby as juxtaposed against the strength of the evidence of defendant's guilt." *Id.* (internal citations and quotations omitted).

We are hesitant to say that the district court erred by reading the first part of page one of the stipulation to the jury. The two-page stipulation was submitted by the parties and defense counsel confirmed that he had read the stipulation before the court published it to the jury. Although page two clarified that only a limited portion of the stipulation was to be submitted to the jury, at no time before the court read the stipulation did either party advise the court of this limitation. And after the district court read the first page of the stipulation, defense counsel did not request any curative instruction or otherwise move for a mistrial.

Nevertheless, we conclude that even if the judge's misstatement regarding Albertie's multiple felonies violated Rules 403 and 404(b), the error was harmless. Considering the evidence of Albertie's guilt, including the presence of the firearms under his seat and Camilleri's testimony that one of the guns belonged to him, the error did not have a substantial influence on the outcome of the case. *See Hands*, 184 F.3d at 1329.

For the foregoing reasons, Albertie's conviction is

**AFFIRMED.**