[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12350

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2011
JOHN LEY
CLERK

D. C. Docket No. 1:08-cr-00040-SPM-AK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM SAMUEL YEARTY,
a.k.a. Sammy Yearty,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 15, 2011)

Before CARNES, KRAVITCH and FARRIS,[*] Circuit Judges.

_____

[*]Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

PER CURIAM:

William Samuel Yearty appeals his convictions following a jury trial for corruptly accepting or agreeing to accept a bribe in violation of 18 U.S.C. § 666(a)(1)(B), conspiracy in violation of 18 U.S.C. § 371, and making false statements to the FBI in violation of 18 U.S.C. § 1001(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Yearty contends he was entitled to a mistrial because a government agent's testimony, which suggested his defense counsel had also been engaged in corrupt activities, materially prejudiced him. The district court did not abuse its discretion in denying Yearty's motion for a mistrial. *See United States v. Newsome*, 475 F.3d 1221, 1227 (11th Cir. 2007) (reviewing for abuse of discretion). The witness' testimony was not so prejudicial as to be incurable by the district court's curative instruction. *See id.*; *see also United States v. O'Keefe*, 461 F.3d 1338, 1350 (11th Cir. 2006) (comments that impugned defense counsel's integrity were remedied by curative instruction). In addition, because the record contains sufficient independent evidence of guilt, Yearty cannot show that, but for the improper remarks, the outcome of the trial would be different. *See Newsome*, 475 F.3d at 1227. The district court did not err in denying a mistrial.

Yearty also contends the district court erred in denying his motion for

judgment of acquittal as to his false statements conviction, because the questions asked during his August 18, 2008 FBI interview were fundamentally ambiguous. We reject the argument. *See United States v. Swindall*, 971 F.2d 1531, 1553-54 (11th Cir. 1992); *United States v. Descent*, 292 F.3d 703, 706 (11th Cir. 2002) (denial of a motion for judgment of acquittal is reviewed <u>de novo</u>). The questions posed during his FBI interview were not so ambiguous that "men of ordinary intelligence" could not agree as to their meaning. *See Swindall*, 971 F.2d at 1553-54. Yearty's understanding of the questions was a matter for the jury to decide. The district court properly denied the motion. *See id*.

In addition, Yearty contends the district court erred in denying his motion to dismiss the false statements count of the indictment (Count III), arguing the statements alleged did not relate to a material matter within the FBI's jurisdiction. We reject Yearty's contention that his false statements were legally immaterial. They pertained to facts forming the basis of the FBI's federal bribery investigation. *See United States v. Rodgers*, 466 U.S. 475, 477, 481-82, 104 S.Ct. 1942, 1945, 1947 (1984) (the statutory language of § 1001 "clearly encompasses criminal investigations conducted by the FBI"); 28 U.S.C. § 533(1) (the FBI is authorized "to detect and prosecute crimes against the United States"); *United States v. Robison*, 505 F.3d 1208, 1226 n.24 (11th Cir. 2007) (denial of a motion

to dismiss is reviewed for abuse of discretion; underlying legal issue is reviewed

de novo).   The district court correctly concluded the false statements count of the

indictment was not legally defective.[1]

Yearty also appeals the district court's denial of his motion for judgment of

acquittal based on sufficiency of the evidence.  Yearty challenges the sufficiency

of the evidence as to his convictions for bribery, conspiracy to accept bribes,

making false statements to the FBI, and as to his affirmative defense of

entrapment.  A reasonable construction of the evidence allowed the jury to find

Yearty guilty beyond a reasonable doubt.  *See United States v. McNair*, 605 F.3d

1152, 1195-98 (11th Cir. 2010);  *United States v. Lichenstein*, 610 F.2d 1272,

1277-78 (5th Cir. 1980), *abrogated on other grounds by United States v. Gaudin*,

---

[1]To the extent that Yearty argues that Count III is defective because it does not sufficiently allege enough to "stand on its own content without dependence for its validity on the allegations of any other count not expressly incorporated," *United States v. Schmitz*, 634 F.3d 1247, 1261 (11th Cir. 2011), he has waived that argument because he did not raise it in the district court, *see Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.") (quotation marks omitted).  Although Yearty argued to the district court that Count III should be dismissed, his argument in that court was that the FBI could not have jurisdiction because it did not ask the proper "specific question to Defendant Yearty to establish the authority of the agency," and therefore "the questioning by the F.B.I. fail[ed] to invoke a statutory basis as it does not relate to any specific offense within the jurisdiction of the F.B.I."  As we explained above, the district court properly rejected that argument because Yearty's false statements were material to the FBI's bribery investigation.  The deficiency, if any, was that Count III did not include enough information to "stand on its own," *Schmitz*, 634 F.3d at 1261, not that the FBI was incapable of having jurisdiction based on its line of questioning, but Yearty did not raise that issue in the district court.

515 U.S. 506, 509, 115 S.Ct. 2310, 2313 (1995) *as recognized in United States v. Boffil-Rivera*, 607 F.3d 736,741 (11th Cir. 2010);[2] *United States v. Brown*, 43 F.3d 618, 624-26 (11th Cir. 1995). The district court did not err in denying Yearty's motion.

Lastly, Yearty argues that the district court erred by denying his motion for a new trial "based upon the cumulative effect of errors at trial." We review a district court's ruling on a motion for new trial only for an abuse of discretion. *United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994). The district court did not err in any of its rulings, let alone commit cumulative errors that would entitle Yearty to a new trial. *See United States v. Waldon*, 363 F.3d 1103, 1110 (11th Cir. 2004) ("[B]ecause no individual errors . . . have been demonstrated, no cumulative errors can exist.").

**AFFIRMED.**

---

[2]Decisions of the former Fifth Circuit issued prior to October 1, 1981 are considered binding precedent on the Eleventh Circuit. *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).