[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14198
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-20588-DMM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES PARK,
a.k.a. Mobboy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 22, 2013)

Before BARKETT, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

James Park appeals the district court's denial of his motion under Federal Rule of Criminal Procedure 33 for a new trial based on newly discovered evidence. Proceeding *pro se*, Park argues (1) the government's failure to disclose certain documents impaired his Sixth Amendment right to cross-examination, and (2) the government's suppression of those documents violated *Brady v. Maryland*, 373 U.S. 83 (1963).  Upon review of the record and the parties' briefs, we affirm.[1]

Under Rule 33, newly-discovered evidence warrants a new trial only when such a remedy is "in the interest of justice."  *See United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994).  Park has not made this showing, because the evidence upon which he relies is merely cumulative impeachment material that in no way suggests a new trial would "probably produce a different result."  *See, e.g.*, *United States v. Jernigan*, 341 F.3d 1273, 1278 (11th Cir. 2003).  Park's newly-discovered evidence consists of three documents:  (1) a report describing a key witness's criminal history; (2) the same witness's handwritten account of his arrest; and (3) that witness's handwritten diagram of the parties' narco-trafficking operation. The information contained in these documents was either known to the jury, and was thus cumulative, or had no relevance to Park's guilt or innocence, and was thus merely impeachment material.  Moreover, none of Park's new evidence

---

[1] The denial of a Rule 33 motion is reviewed for abuse of discretion.  *United States v. Sweat*, 555 F.3d 1364, 1367 (11th Cir. 2009).  A district court abuses its discretion when it applies an erroneous legal standard or makes clearly erroneous findings of fact.  *United States v. Jordan*, 316 F.3d 1215, 1249 (11th Cir. 2003).

contradicts the Government's proof of his guilt.  The district court, therefore, did not abuse its discretion in denying Park's Rule 33 motion for a new trial.

We likewise reject Park's constitutional challenges.  Any Sixth Amendment errors were harmless, because it is "beyond a reasonable doubt" the jury would have found Park guilty of drug conspiracy even with the disclosure of the documents at issue.  *See Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986) (holding that harmless error in this context is determined by, among other factors, "the importance of the witness' testimony in the prosecution's case," "the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case").  Aside from the key witness's testimony, the jury saw videotape of Park negotiating to buy more than five kilograms of cocaine and boasting about his intent to distribute the drugs.  The record also shows Park had ample opportunity to cross-examine the Government's key witness.  In light of these considerations as well as the "overall strength of the prosecution's case," any Sixth Amendment error was harmless.  *See id.*

Similarly, Park's *Brady* challenge fails.  The newly-discovered documents do not qualify as "material" under *Brady v. Maryland*, 373 U.S. 83 (1963), because they do not "put the whole case in such a different light as to undermine confidence in the verdict."  *Cone v. Bell*, 556 U.S. 449, 470 (2009).  Based on the Government's proof at trial—which Park's new evidence does not contradict—

3

there is no "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Kyles v. Whitley*, 514 U.S. 419, 433 (1995) (internal quotation marks omitted).

For the foregoing reasons, the district court's denial of Park's Rule 33 motion for a new trial is

**AFFIRMED.**

4