[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10096

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SIMON ARCENTALES CASTRO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00039-CEH-TGW-2

_____

Before Newsom, ANDERSON, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Simon Castro appeals his conviction for possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. He argues that the district court erred in denying his motion for new trial based on (1) an inconsistent verdict, as the jury found him guilty of possession with intent to distribute cocaine and not guilty of conspiracy to possess with intent to distribute cocaine, and (2) its supplemental jury instructions that, to find duress, the threat of immediate harm must continue throughout the whole crime, citing *United States v. Sixty Acres in Etowah Cnty.*, 930 F.2d 857, 861 (11th Cir. 1991). He contends that the district court erred in relying on *Sixty Acres* because the facts therein are distinguishable from the offense conduct. Having read the parties' briefs and reviewed the record, we affirm Castro's conviction.

## I.

We review for abuse of discretion a district court's denial of a new-trial motion. *United States v. Albury*, 782 F.3d 1285, 1295 (11th Cir. 2015).

Federal Rule of Criminal Procedure 33 provides that, on a defendant's motion, a court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). We have defined the interest-of-justice standard as "a broad standard" that "is not limited to cases where the district court

concludes that its prior ruling, upon which it bases the new trial, was legally erroneous." *United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994). A court may grant a new trial when a defendant was "unable to receive a fair trial and suffered actual, compelling prejudice." *United States v. Pedrick*, 181 F.3d 1264, 1267 (11th Cir. 1999). In considering the motion for new trial, the district court may weigh the evidence and consider the credibility of the witnesses. *Albury*, 782 F.3d at 1295 (quotation marks omitted).

Castro contends on appeal that he is entitled to a new trial because the jury returned inconsistent verdicts. A guilty verdict on one count "must stand, even in the face of an inconsistent verdict on another count," if it is supported by sufficient evidence. *United States v. Mitchell*, 146 F.3d 1338, 1345 (11th Cir. 1998). "Inconsistent verdicts therefore present a situation where 'error,' in the sense that the jury has not followed the court's instructions, most certainly has occurred," but it is impossible to tell "whose ox has been gored." *United States v. Powell*, 469 U.S. 57, 65, 105 S. Ct. 471, 477 (1984). In other words, it is difficult to determine whether the inconsistent verdict benefited the criminal defendant or the government. *Id.* As such, "inconsistency alone is not a sufficient reason for setting the verdict aside." *United States v. Duldulao*, 87 F.4th 1239, 1266 (11th Cir. 2023).

To convict a defendant of possession of controlled substances with intent to distribute, the government had to establish "knowing possession and an intent to distribute." *United States v. Cruickshank*, 837 F.3d 1182, 1189 (11th Cir. 2016) (quoting *United*

*States v. Camacho*, 233 F.3d 1308, 1317 (11th Cir. 2000)); *see* 46 U.S.C. §§ 70503(a) and 70506(a).  A defendant constructively possesses a controlled substance "if he exercises some measure of control over the contraband, either exclusively or in association with others." *Cruickshank*, 837 F.3d at 1189.  The jury can infer an intent to distribute when the government seizes a large quantity of a controlled substance.  *Id.*

To convict a defendant of conspiracy to possess with intent to distribute a controlled substance, the government had to establish that "two or more persons entered into an unlawful agreement to commit an offense, that the defendant knew of the agreement, and that he voluntarily became part of the conspiracy."  *Id.* at 1188. To prove guilt under a theory of aiding and abetting, the government must prove: "(1) someone else committed the substantive offense; (2) the defendant committed an act that contributed to and furthered the offense; and (3) the defendant intended to aid in the commission of the offense."  *Id.* at 1189.  Aiding and abetting is not a crime but instead is "a theory upon which criminal liability may be based."  *United States v. Camacho*, 233 F.3d 1308, 1315 (11th Cir. 2000).

We conclude, based on the record, that the district court did not abuse its discretion in denying Castro's motion for new trial based on his argument regarding inconsistent verdicts.  The verdict was not inconsistent because the jury did not need to rely on an aiding and abetting theory to find him guilty.  Reasonably, the jury could have found that Castro knowingly possessed with intent to

distribute cocaine without unanimously finding that he had entered into an unlawful agreement to do so. In any event, the record shows that there was sufficient evidence to support Castro's conviction on Count Two because the evidence shows that he (1) constructively possessed the cocaine, as he acted as crew for the vessel and saw the bales of cocaine and (2) intended to distribute the cocaine, as the government seized more than 1000 kilograms of cocaine. Thus, we affirm as to this issue.

## II.

District courts typically have substantial discretion to formulate a jury charge so long as the charge "accurately reflects the law and the facts" when viewed in its entirety. *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000) (quotation marks omitted). We will not reverse a conviction for a defective jury charge unless (1) the district court inaccurately stated the law or substantially misled the jury, *id.*, and (2) "we are left with a substantial and eradicable doubt as to whether the jury was properly guided in its deliberations," *United States v. Puche*, 350 F.3d 1137, 1148 (11th Cir. 2003) (quotation marks omitted). "[O]ur precedent also affords district courts discretion to expand upon initial jury instructions when a jury question arises." *United States v. Lopez*, 590 F.3d 1238, 1253 (11th Cir. 2009).

In responding to the jury's question, the district court did not abuse its discretion by stating that the duress must be present the entirety of the crime's commission. In *Sixty Acres*, our court held that to establish duress, a defendant must prove, in part, that

"the apprehension of immediate danger . . . continue[d] during the whole time the crime [wa]s committed." *Sixty Acres*, 930 F.2d at 861. Thus, we conclude, based on the record and the law, that the district court did not abuse its discretion in denying the motion for new trial based on its supplemental jury instruction because the instruction was an accurate statement of the law. While Castro asserts that the facts in *Sixty Acres* differed from the instant offense conduct, he failed to argue that the law from *Sixty Acres* was inaccurate or to offer any alternative law that was more applicable to the instant offense conduct. Thus, we affirm as to this issue.

Accordingly, based on the aforementioned reasons, we affirm Castro's conviction.

**AFFIRMED.**