[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 18, 2009
THOMAS K. KAHN
CLERK

No. 09-11141
Non-Argument Calendar

_____

D. C. Docket No. 06-00086-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMMIE NATHANIEL WHITE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 18, 2009)

Before BIRCH, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Tommie Nathaniel White appeals the district court's denial of his motion for

a new trial pursuant to Federal Rule of Criminal Procedure 33 ("Rule 33"). White argues that adverse testimony from co-conspirators at his trial provided in exchange for recommended sentence reductions through plea agreements violated the federal anti-bribery statute, 18 U.S.C. § 201(c)(2), which forbids anyone from promising anything of value to any person to testify under oath in a judicial proceeding. Because White's argument is foreclosed by our precedent, we AFFIRM.

## I. BACKGROUND

In July of 2006, White was convicted by a jury of conspiracy to possess with intent to distribute more than five kilograms of cocaine and more than fifty grams of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and possession with intent to distribute approximately 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). See Doc. 49 at 420-21.[1] The district court sentenced him to 400 months of imprisonment on both counts, to be served concurrently. See Doc. 62 at 2. We affirmed White's convictions and sentences in United States v. White, 270 Fed. Appx. 824 (11th Cir. 2008) (per curiam).

---

[1] All record cites reflect a document cite from the electronic record on appeal. Each document is identified by the abbreviation "Doc." followed by the docket number pertaining to that document.

During his trial, a number of co-conspirators testified against White pursuant to their plea agreements. See Doc. 47 at 52-71, 88-109, 143-53, 167-77, 199-204; Doc. 48 at 226-30, 252-60, 274-85, 299-310. On cross-examination, the co-conspirators conceded that they had chosen to testify against White in order to receive recommendations for sentence reductions based on plea agreements. See Doc. 47 at 72-78, 117-22, 153-58, 178-87, 204-17; Doc. 48 at 231-39, 261-72, 286-94, 311-20. In his Rule 33 motion to the district court, White claimed that (1) the government violated the federal anti-bribery statute, 18 U.S.C. § 201(c)(2), by offering recommendations for sentence reductions to his co-conspirators who testified against him at trial; and that (2) the record showed that the government failed to provide discovery materials to White. See Doc. 87 at 5-24. As White did not raise the alleged discovery abuse by the government in his appeal to us, he has abandoned that claim. See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998) (noting that an issue is abandoned if the defendant fails to proffer argument on its merits on appeal). Accordingly, the only issue before us is White's argument that the government violated the federal anti-bribery statute.

## II. DISCUSSION

"We review the district court's denial of a motion for [a] new trial for abuse of discretion." United States v. Sweat, 555 F.3d 1364, 1367 (11th Cir. 2009) (per

3

curiam). Rule 33 allows a defendant to file a motion for a new trial within three years after the verdict if the motion is based on "newly discovered evidence," or seven days after the verdict if based on "[o]ther grounds." Fed. R. Crim. P. 33(b). The court may grant the motion "if the interest of justice so requires." Fed. R. Crim. P. 33(a). In this case, White predicates his Rule 33 motion on newly discovered evidence. See Doc. 87 at 1.

In United States v. Jernigan, we observed that the movant of a Rule 33 motion based on newly discovered evidence must establish the following:

> (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result.

341 F.3d 1273, 1287 (11th Cir. 2003) (quotation marks and citation omitted). We also conclusively have determined that cooperation provisions of plea agreements do not violate 18 U.S.C. § 201(c)(2). See United States v. Lowery, 166 F.3d 1119, 1124 (11th Cir. 1999).

Given our decision in Lowery, we need not consider whether White has established each of the five requirements for obtaining a new trial on the basis of newly discovered evidence. His argument that the cooperation provisions of his co-conspirators' plea agreements violated 18 U.S.C. § 201(c)(2) is foreclosed by

4

our circuit precedent.  See Lowery, 166 F.3d at 1124.  Consequently, the district court did not err in denying White's Rule 33 motion for a new trial.

## III.  CONCLUSION

White appeals the district court's denial of his motion for a new trial.  His argument that adverse testimony from co-conspirators at his trial provided in exchange for recommended sentence reductions through plea agreements violated the federal anti-bribery statute is foreclosed by our circuit precedent.  Accordingly, we AFFIRM.

**AFFIRMED.**