[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13959
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-00204-KD-N-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL STUART ADDISON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(June 20, 2014)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Daniel Stuart Addison appeals pro se the district court's denial of his third motion for a new trial based on newly discovered evidence pursuant to Federal Rule of Criminal Procedure 33.  Following a jury trial in August 2008, Addison was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  He filed the instant motion for a new trial in February 2013.  The district court denied motion as untimely after concluding that Addison did not merit equitable tolling of the three-year time period for filing Rule 33 motions and that his new evidence did not warrant a new trial under Rule 33.

On appeal, Addison argues that he is entitled to equitable tolling because he pursued his rights diligently in obtaining the newly discovered evidence and extraordinary circumstances stood in his way of timely filing his Rule 33 motion. He also contends that his newly discovered evidence justifies a new trial under Rule 33.  After review, we affirm.

We review the denial of a motion for a new trial under Rule 33 for abuse of discretion.  *United States v. Sweat*, 555 F.3d 1364, 1367 (11th Cir. 2009) (per curiam).  We review the district court's determination that equitable tolling does not apply de novo.  *Outler v. United States*, 485 F.3d 1273, 1278 (11th Cir. 2007) (per curiam).

Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R.

Crim. P. 33(a).  A defendant has three years after the verdict or finding of guilt to file a Rule 33 motion if it is based on newly discovered evidence.  Fed. R. Crim. P. 33(b)(1).  The Supreme Court has held that Rule 33's time limitations are not a jurisdictional rule, but are "admittedly inflexible because of [Federal Rule of Criminal Procedure Rule] 45(b)'s insistent demand for a definite end to proceedings." *Eberhart v. United States*, 546 U.S. 12, 19, 126 S. Ct. 403, 407 (2005) (per curiam).

Equitable tolling "is an extraordinary remedy which is typically applied sparingly," and the movant bears the burden of showing that it is warranted.  *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002) (internal quotation marks omitted).  To be entitled to equitable tolling, a movant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted).  While we have not determined whether equitable tolling applies to Rule 33 motions based on newly discovered evidence, we find that even if it does, Addison cannot demonstrate he is entitled to equitable tolling on his Rule 33 motion.

We have stated that motions for a new trial are "highly disfavored" and that district courts should exercise caution in granting a new trial motion based on

3

newly discovered evidence.  *United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003).  To merit a new trial based on newly discovered evidence, a

defendant must show that:

> (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result.

*Id.*  "The failure to satisfy any one of these elements is fatal to a motion for a new trial."  *United States v. Thompson*, 422 F.3d 1285, 1294 (11th Cir. 2005) (internal quotation marks omitted).

Here, the district court did not abuse its discretion in denying Addison's motion for a new trial as it was filed more than three years after the jury rendered its verdict on August 4, 2008.  *See* Fed. R. Crim. P. 33(b)(1).  Further, even assuming equitable tolling may be applied in the Rule 33 context, Addison has not shown that the district court erred in failing to apply equitable tolling because he did not show that he pursued his rights diligently.  *See Holland*, 560 U.S. at 649, 130 S. Ct. at 2562.

Addison filed the instant motion in February 2013.  He argues, among other things, that affidavits from George McIntyre and Addison's mother and step-father, Linda and George Stokes, present new evidence that require a new trial.  At

4

his 2008 trial, McIntyre's testimony was used to show that Addison had possession of the firearm. McIntyre's subsequent affidavit, dated May 7, 2012, recants that testimony. Likewise, George Stokes, his step-father, in an affidavit dated July 9, 2012, clarified that Addison was not in actual or constructive possession of the rifle. His mother's affidavit, dated February 7, 2012, stated that Addison moved out of her residence months before the firearm was discovered in her residence.

As to McIntyre, Addison did not contact him until September 1, 2009. Then, four months passed between his first and second letter to McIntyre, and an additional 18 months between his second and third letter to McIntyre. We agree with the district court that Addison did not meet his burden of showing that he exercised reasonable diligence in obtaining McIntyre's affidavit. As to George Stokes's affidavit, Addison also did not show reasonable diligence as almost four years passed between Addison's conviction and the affidavit dated July 9, 2012. Addison failed to present any evidence that he had attempted to obtain George Stokes's affidavit prior to July 2012. With respect to Linda Stokes's affidavit, Addison similarly failed to show reasonable diligence that he attempted to obtain her affidavit before February 2012. Accordingly, there was no reasonable basis to find that he merited equitable tolling as to these affidavits.

Morever, even if Addison were entitled to equitable tolling, he failed to establish that his proffered evidence met all five of the elements necessary to merit

5

a new trial based on newly discovered evidence.  *See Thompson*, 422 F.3d at 1294;

*Jernigan*, 341 F.3d at 1287.

Accordingly, we affirm.

**AFFIRMED.**