[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14893
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cr-00429-VMC-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDERICK WARDELL MITCHELL,
a.k.a. Wardell,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 24, 2014)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Frederick Mitchell, proceeding pro se, appeals the district court's denial of

his Fed.R.Crim.P. 33 motion for a new trial based on newly discovered evidence

concerning his 2010 convictions for robbery and other related offenses. In support of his Rule 33 motion, Mitchell submitted an affidavit by Roberto Almaguer asserting that the government had coerced him into falsely testifying against Mitchell at trial. The record shows that Almaguer originally testified at trial that he and Mitchell, along with a third individual, committed an armed robbery of a Waffle House restaurant. On appeal, Mitchell argues that: (1) the district court erred in finding that Almaguer's affidavit, recanting his former testimony, did not constitute newly discovered evidence warranting a new trial; and (2) the court erred in denying his motion for a new trial without first conducting an evidentiary hearing. After careful review, we affirm.

We review the district court's denial of a Rule 33 motion for a new trial for abuse of discretion. United States v. Sweat, 555 F.3d 1364, 1367 (11th Cir. 2009). We also review a decision to rule on a Rule 33 motion without an evidentiary hearing for abuse of discretion. United States v. Schlei, 122 F.3d 944, 990 (11th Cir. 1997). Additionally, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) (quotations omitted).

Rule 33 allows a defendant to file a motion for a new trial within 3 years after the verdict if the motion is based on "newly discovered evidence," or 14 days after the verdict if based on "other grounds." Fed.R.Crim.P. 33(b). The court may

grant the motion "if the interest of justice so requires." Fed.R.Crim.P. 33(a).  We have held that, to succeed on a Rule 33 motion based on newly discovered evidence, the defendant must establish that:

> (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result.

United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003) (quotations omitted).  The defendant must satisfy all of these elements to warrant relief. United States v. Williams, 816 F.2d 1527, 1530 (11th Cir. 1987).  We have noted that motions for a new trial based on newly discovered evidence "are highly disfavored . . . and should be granted only with great caution."  United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006) (en banc) (quotations omitted).

"In ruling on a motion for new trial based upon newly discovered evidence, it is within the province of the trial court to consider the credibility of those individuals who give statements in support of the motion."  United States v. Reed, 887 F.2d 1398, 1404 n.12 (11th Cir. 1989).  Further, we have held that, for newly discovered evidence to justify a new trial, "the evidence must be material and not merely cumulative or impeaching, and must be such that it will probably produce an acquittal."  United States v. Diaz, 190 F.3d 1247, 1255 (11th Cir. 1999).

3

The government's presentation of perjured testimony or failure to correct false evidence violates due process. Giglio v. United States, 405 U.S. 150, 153-55 (1972). In order to establish a Giglio violation, the defendant must show that "(1) the contested statements were actually false, (2) the statements were material, and (3) the prosecution knew that they were false." United States v. Bailey, 123 F.3d 1381, 1395 (11th Cir. 1997) (quotations omitted). In order to show that the contested statements were material, the defendant must demonstrate that "the false testimony could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." United States v. Dickerson, 248 F.3d 1036, 1041 (11th Cir. 2001) (quotations omitted).

First, we reject Mitchell's claim that the district court abused its discretion by denying the motion for a new trial based on newly discovered evidence. As the record shows, Almaguer's affidavit was conclusory -- it did not identify which portions of his trial testimony were untrue or provide a corrected account of the robbery. Thus, it was within the district court's province to find that the affidavit was not credible when viewed against Almaguer's detailed testimony at trial. As for whether Almaguer's affidavit constituted newly discovered evidence, the affidavit was not dated, and Mitchell did not show that he obtained the affidavit after the trial was completed. Moreover, even assuming, arguendo, that Almaguer's affidavit constituted new evidence, the record shows that the

4

government produced substantial evidence of Mitchell's guilt at trial apart from Almaguer's testimony. As a result, there was little in the record for the district court to find that Almaguer's affidavit would have probably produced an acquittal. See Diaz, 190 F.3d at 1255. In short, the district court did not abuse its discretion by denying the motion for new trial on this claim. Nor, moreover, did the district court abuse its discretion in finding that Mitchell was not entitled to a new trial on the basis of any Giglio violation. Among other things, Mitchell failed to demonstrate that the government knowingly introduced any false testimony. See Bailey, 123 F.3d at 1395.

Finally, the district court did not abuse its discretion by failing to conduct an evidentiary hearing before denying Mitchell's motion for a new trial. We have said that a defendant is not entitled to an evidentiary hearing on a Rule 33 motion if "the acumen gained by a trial judge over the course of the proceedings [made her] well qualified to rule on the [motion] without a hearing." Schlei, 122 F.3d at 994 (quotations omitted). Here, District Judge Covington, who ruled upon Mitchell's motion, also presided over his trial. Because Judge Covington was already familiar with the evidence and the demeanor of the witnesses, it was not necessary for the court to conduct an evidentiary hearing before ruling on Mitchell's motion. See id.

**AFFIRMED.**