[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15817
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20460-DLG-5


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARIEL VALDES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 30, 2014)

Before HULL, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

Ariel Valdes, proceeding pro se, appeals following the district court's denial of his Fed. R. Crim. P. 33 motions for a new trial based on newly discovered evidence as to convictions stemming from a conspiracy and attempt to rob a cocaine stash house. Valdes filed two pro se motions for a new trial after a jury convicted him on all counts of a six-count indictment, the district court imposed a 300-month total sentence, and we affirmed the convictions.

Valdes's Rule 33 motions were predicated on the transcript of a recorded conversation between himself and several codefendants that took place in a police car after their arrest.  The transcript begins with an officer announcing the time as "7:00 in the evening", and ends with the same officer announcing the time as being approximately 10:17 p.m., although only 51 minutes and 21 seconds had elapsed. Valdes argued that the starting time of 7 p.m. ran counter to the police's timeline of events the night of his arrest—which included numerous conspiratorial phone calls involving him placed after 7 p.m.—and showed that the government had introduced fabricated evidence.  The district court denied the motions without holding an evidentiary hearing, ruling that the evidence was not newly discovered and was merely impeaching evidence that did not warrant a new trial.

On appeal, Valdes argues that the district court abused its discretion in denying his motions.  He also argues that the district court abused its discretion by not at least holding an evidentiary hearing.

2

We review the denial of a Rule 33 motion for a new trial for abuse of discretion. *United States v. Sweat*, 555 F.3d 1364, 1367 (11th Cir. 2009) (per curiam). We also review a district court's decision to rule on a Rule 33 motion without an evidentiary hearing for abuse of discretion. *United States v. Schlei*, 122 F.3d 944, 990 (11th Cir. 1997).

Rule 33 allows a defendant to file a motion for a new trial within three years after the verdict if the motion is based on "newly discovered evidence." Fed. R. Crim. P. 33(b)(1). The court may grant the motion "if the interest of justice so requires." Fed. R. Crim. P. 33(a). We have held that, to succeed on a Rule 33 motion based on newly discovered evidence, the defendant must establish that:

> (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result.

*United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003) (internal quotation marks omitted). We have noted that motions for a new trial based on newly discovered evidence "are highly disfavored . . . and should be granted only with great caution." *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006) (en banc) (internal quotation marks omitted).

The decision whether to hold an evidentiary hearing on a motion for a new trial based on newly discovered evidence is within the trial court's sound

3

discretion.  *United States v. Slocum*, 708 F.2d 587, 600 (11th Cir. 1983).  We have stated that a defendant is not entitled to an evidentiary hearing on a Rule 33 motion if "the acumen gained by a trial judge over the course of the proceedings [made him] well qualified to rule. . .without a hearing."  *Schlei*, 122 F.3d at 994 (internal quotation marks omitted).

Here, the district court did not abuse its discretion by denying Valdes's motions for a new trial because it correctly concluded that none of the evidence Valdes offered was new, and even assuming, arguendo, that the evidence was newly discovered, it was merely impeaching evidence and did not warrant a new trial.  *See Jernigan*, 341 F.3d at 1287.  The district court also did not abuse its discretion by failing to conduct an evidentiary hearing before denying Valdes's motions, because the trial judge also presided over these motions and thus was already familiar with the evidence.  *See Schlei*, 122 F.3d at 994. Accordingly, after review of the parties' briefs and the record on appeal, we affirm.

**AFFIRMED.**