[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11065
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cr-60259-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO ALBERTO CERVANTE-SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 10, 2016)

Before TJOFLAT, WILSON and JILL PRYOR, Circuit Judges.

PER CURIAM:

Mario Alberto Cervante-Sanchez was convicted of conspiring to possess methamphetamine with intent to distribute and possessing methamphetamine with intent to distribute. The district court sentenced him to 180 months' imprisonment. He now appeals his convictions and sentence, arguing that the district court (1) abused its discretion when it denied his motion for a new trial, (2) improperly imposed a two-level enhancement pursuant to § 3B1.4 of the United States Sentencing Guidelines (the Guidelines) for using a minor in the commission of a crime, (3) erroneously denied him safety-valve relief under §§ 2D1.1 and 5C1.2 of the Guidelines, and (4) imposed a substantively unreasonable sentence. We affirm.

I

Cervante-Sanchez first argues that the district court erred in denying his motion for a new trial. During trial, the Government offered into evidence text messages obtained from Cervante-Sanchez's cell phone between Cervante-Sanchez and an alleged co-conspirator. However, the Government had not provided those messages to Cervante-Sanchez in discovery. In his motion for new trial, Cervante-Sanchez claimed that a new trial was warranted because the Government's failure to provide the text messages in discovery substantially prejudiced his defense. Specifically, he asserted that the introduction of the text messages was a surprise and crucially undercut his argument that he did not conspire with any individuals who were not undercover law enforcement officers or informants.

2

We review a district court's decision not to grant a motion for a new trial for abuse of discretion. *See United States v. Sweat*, 555 F.3d 1364, 1367 (11th Cir. 2009) (per curiam). A discovery violation is only grounds for a new trial if it violated the defendant's "substantial rights." *See United States v. Camargo-Vergara*, 57 F.3d 993, 998 (11th Cir. 1995). A defendant's substantial rights are violated if the defendant is "unduly surprised and lacks an adequate opportunity to prepare a defense," or "if the mistake substantially influences the jury." *See id.* at 998–99.

The district court did not abuse its discretion in denying Cervante-Sanchez's motion for a new trial. It was within the district court's discretion to find that the Government's failure to produce the text messages during discovery did not substantially prejudice Cervante-Sanchez.

First, the record belies the notion that Cervante-Sanchez was unduly surprised by the text messages at trial. The text messages were Cervante-Sanchez's own correspondences, "which he should have had some knowledge of." *See United States v. Rivera*, 944 F.2d 1563, 1566 (11th Cir. 1991) (holding that a defendant was not unduly surprised by the delayed disclosure of evidence showing that he made an inculpatory statement). And, "[m]ore importantly, if [Cervante-Sanchez] had, in fact, been prejudiced by the delayed disclosure of th[e] [text messages], he should have" raised a discovery violation objection at trial. *See id.*

3

However, he lodged no such objection. Instead, he only complained about the violation in his motion for new trial—which he filed after the jury rendered a guilty verdict.

Second, the record shows that the Government's mistake did not have a substantial influence on the jury. As the district court found, the text message evidence of a conspiracy with non-law-enforcement actors was cumulative of other evidence offered at trial. For example, the Government put forth evidence that, during a conversation with an undercover law enforcement officer about a drug transaction, Cervante-Sanchez stated that he would obtain drugs for the transaction from his drug supplier source. Given that the text messages were cumulative of other evidence showing that Cervante-Sanchez conspired with persons not affiliated with law enforcement, the Government's late disclosure of the evidence did not have a substantial effect on the jury. *See id.* at 1566–67.

Accordingly, the district court did not abuse its discretion when it denied Cervante-Sanchez's motion for a new trial.

## II

Cervante-Sanchez next asserts that the district court erroneously imposed a two-level enhancement pursuant to § 3B1.4 of the Guidelines for using a minor in the commission of a crime. Cervante-Sanchez drove to the city where the relevant drug transaction was to be conducted, bringing three children on the trip. The

children included an infant and a baby.  And, during the trip, Cervante-Sanchez hid drugs in diaper boxes in his car.  He also packed substances in the diaper boxes that are typically used to conceal the scent of drugs.  The district court imposed the § 3B1.4 enhancement after concluding that Cervante-Sanchez used the children to avoid detection by law enforcement.  The court determined that Cervante-Sanchez brought the children on the trip because the combination of the diaper boxes and the children in his car would make it less likely that law enforcement would be suspicious of him.

"We review a sentencing court's findings of fact for clear error and its application of the [G]uidelines de novo."  *United States v. Victor,* 719 F.3d 1288, 1290 (11th Cir. 2013).  "For a finding to be clearly erroneous, this Court must be left with a definite and firm conviction that a mistake has been committed."  *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010) (internal quotation marks omitted).

The Guidelines provide for a two-level upward adjustment if "the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense."  U.S.S.G. § 3B1.4.  This adjustment is designed "to protect minors as a class from being solicited, procured, recruited, counseled, encouraged, trained, directed, commanded, intimidated, or *otherwise used* to commit crime."  *United States v.*

*Futch*, 518 F.3d 887, 896 (11th Cir. 2008) (internal quotation marks omitted). The adjustment is "warranted only where the defendant takes some affirmative step to involve a minor in the commission of the criminal activity." *Id.* (internal quotation mark omitted).

Here, the district court did not err in applying the § 3B1.4 enhancement. Cervante-Sanchez took the affirmative steps of (1) bringing young children with him on a trip in which he was transporting drugs to a city for the purpose of selling the drugs and (2) hiding the drugs in diaper boxes—boxes that, due to their association with young children, would seem normal in a car full of children. Moreover, Cervante-Sanchez put substances that are normally used to conceal the scent of drugs from law enforcement canine in the boxes, demonstrating that he contemplated that he might be stopped by law enforcement during the trip. That decision supports the district court's finding that Cervante-Sanchez also brought the children on the trip to avoid detection of his illicit activity. Taking these circumstances together, "[w]e cannot say the district court clearly erred in its factfinding that [Cervantes-Sanchez] was using the [children] to . . . conceal" drugs or that the court "committed legal error in its conclusion that the § 3B1.4 enhancement applied to the facts here." *See id.* at 897 (holding that the § 3B1.4 enhancement was appropriate where the defendant placed a baby on top of cocaine to hide the cocaine).

6

III

Cervante-Sanchez also claims that the district court erred in denying his request for safety-valve relief.  He argues that he is entitled to such relief because he fully and completely confessed to law enforcement at the time of his arrest.  The district court rejected Cervante-Sanchez's request for safety-valve relief after finding that he was not truthful about his role in his offenses.

We review a district court's factual determinations in denying safety-valve relief for clear error.  *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997).  Section 2D1.1(b)(17) of the Guidelines provides that a defendant may receive a two-level reduction if he meets the safety-valve criteria set forth in § 5C1.2(a) of the Guidelines.  *See* U.S.S.G. § 2D1.1(b)(17).  The defendant has the burden of proving that he meets all of the safety-valve criteria.  *See Cruz*, 106 F.3d at 1557.  Among those criteria is the requirement that: "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(a)(5).  Under this requirement, "[t]he burden is on the defendant to come forward and to supply truthfully to the [G]overnment all the information that he possesses about his involvement in the offense, including information relating to the involvement of others. . . ."  *Cruz*, 106 F.3d at 1557.  "[L]ies and

omissions do not, as a matter of law, disqualify a defendant from safety-valve relief so long as the defendant makes a complete and truthful proffer not later than the commencement of the sentencing hearing." *United States v. Brownlee*, 204 F.3d 1302, 1305 (11th Cir. 2000).

There is sufficient evidence to support the district court's conclusion that Cervante-Sanchez did not satisfy the safety-valve provision's "complete and truthful proffer" requirement. Although Cervante-Sanchez substantially cooperated with law enforcement at the time of his arrest, he ultimately claimed that he did not know he was transporting illegal drugs in his car. That is, he asserted that he was unaware of the exact contents of the packages inside the diaper boxes. However, there was substantial evidence at trial that suggested Cervante-Sanchez knew the packages contained illegal drugs. Under these circumstances, the district court did not clearly err in finding that Cervante-Sanchez failed to "come forward and . . . supply truthfully to the [G]overnment all the information that he possesse[d] about his involvement in the offense." *See Cruz*, 106 F.3d at 1557 (affirming denial of safety-valve relief because the defendant denied "that he knew that [his vehicle] contained illegal drugs," despite "substantial evidence to suggest that [he] knew the [vehicle] contained illegal drugs"). Therefore, the district court properly denied Cervante-Sanchez safety-valve relief.

IV

Finally, Cervante-Sanchez asserts that his 180-month sentence is substantively unreasonable in light of various mitigating factors and because he was subjected to a guideline range of 151 to 188 months even though the Government, at the plea negotiation stage, viewed a range of 70 to 87 months as appropriate.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). The party who challenges the substantive reasonableness of a sentence must show that the sentence is unreasonable in light of the 18 U.S.C. § 3553(a) factors and the record. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

Cervante-Sanchez has not demonstrated that his sentence is substantively unreasonable. His sentence is within the guideline range and is substantially below the statutory maximum. We ordinarily expect such a sentence to be reasonable. *See United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam). In addition, the district court addressed the § 3553(a) factors and found that a within-guideline-range sentence of 180 months' imprisonment was appropriate. The district court considered Cervante-Sanchez's lack of criminal history and other mitigating

factors.  Nevertheless, it found that a guideline sentence was appropriate in light of, *inter alia*, the total amount of drugs involved in his offenses.  Thus, the district court did not abuse its discretion in imposing a 180-month sentence.

**AFFIRMED.**