[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11152; 15-13674
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cr-00054-SLB-JEO-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICKY WALTER DENTON,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Alabama
_____

(June 19, 2017)

Before ED CARNES, Chief Judge, HULL and WILSON, Circuit Judges.

PER CURIAM:

Ricky Denton, proceeding pro se, appeals the district court's denial of his Federal Rule of Criminal Procedure 33 motion for a new trial based on newly discovered evidence. He also challenges the district court's decision not to hold an evidentiary hearing. He contends that affidavits from two trial witnesses — Jonathon Todd, Denton's son, and Hollie Todd, Denton's daughter-in-law — entitle him to a new trial.[1]

## I.

In March 2011 Denton was charged with armed bank robbery and brandishing a firearm during and in relation to a crime of violence. He chose to represent himself and proceeded to a jury trial. Before the trial began, Denton wrote letters to Jonathon suggesting that he testify falsely and perjure himself at trial. Denton also threatened the life of Jonathon's wife, Hollie.[2] After Jonathon received the letters and after Hollie learned that Denton had threatened her life, Jonathon and Hollie stopped visiting and communicating with him, despite his letters to them asking to "interview them" about their upcoming trial testimony.

---

[1]After Denton filed his notice of appeal from the denial of his Rule 33 motion, he filed a motion for reconsideration, which the district court denied. Then he filed a motion to vacate the dismissal of the motion for reconsideration, which the district court also denied. He filed a new notice of appeal of those two orders, and we consolidated that appeal with the present one. Because Denton has not addressed the part of the district court's judgment denying his motion to reconsider or his motion to vacate, he has abandoned any argument challenging those decisions. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014).

[2] We use the Todds' first names not to be overly familiar but for ease of reference.

At trial, the government called as witnesses Hollie, Jonathon, and Denton's other son, Jamie. It also called Forrest Sims, an eyewitness who saw the robber fleeing the bank. Jonathon testified that the bank robber shown in the bank's security footage walked like Denton and that he had not been promised anything in exchange for testifying against Denton. Hollie also testified against Denton, after which Denton asked the court to permit him to interview her. The district court would allow Denton to conduct that interview if Hollie agreed to speak to him, but she refused. Sims testified that the driver of the car that fled the bank after the robbery was a "black man with a gold grill." Denton is a white male.

The jury found Denton guilty of both charges, and the district court sentenced him to 244 months imprisonment. Denton appealed that conviction and we affirmed it. See United States v. Denton, 535 F. App'x 832 (11th Cir. 2013) (unpublished). A little more than two months after judgment was entered, Denton filed a timely Rule 33(b)(1) motion for a new trial based on newly discovered evidence allegedly showing government obstruction and fraud. The district court denied that motion on the merits without holding an evidentiary hearing. This is Denton's appeal.

## II.

We review for an abuse of discretion both the district court's denial of a motion for a new trial and its denial of an evidentiary hearing. United States v.

Sweat, 555 F.3d 1364, 1367–68 (11th Cir. 2009).  Under Federal Rule of Criminal Procedure 33, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33.  To prevail on a Rule 33 motion based on newly discovered evidence, Denton must establish that:

> (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence [earlier] was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result.

United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003).  The newly discovered evidence, however, "need not relate directly to the issue of guilt or innocence to justify a new trial, but may be probative of another issue of law." United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006) (en banc) (quotation marks omitted).  At the same time, "we have held that motions for a new trial are highly disfavored, and that district courts should use great caution in granting a new trial motion based on newly discovered evidence."  Jernigan, 341 F.3d at 1287 (quotation marks omitted).

"In determining whether a motion for a new trial based on newly discovered evidence was properly denied, . . . 'the acumen gained by a trial judge over the course of the proceedings [makes her] well qualified to rule on the basis of affidavits without a hearing.'"  United States v. Schlei, 122 F.3d 944, 994 (11th

4

Cir. 1997) (quoting <u>United States v. Hamilton</u>, 559 F.2d 1370, 1373–74 (5th Cir. 1977)) (alteration in original); <u>see</u> <u>United States v. Reed</u>, 887 F.2d 1398, 1404 n.12 (11th Cir. 1989) ("In ruling on a motion for new trial based upon newly discovered evidence, it is within the province of the trial court to consider the credibility of those individuals who give statements in support of the motion.").

## A.

Denton first contends that newly discovered evidence shows that the government improperly interfered with his right to establish a defense by instructing his sons, Jamie and Jonathon, and his daughter-in-law, Hollie, not to have any contact with him before his trial. <u>Cf.</u> <u>Schlei</u>, 122 F.3d at 991 ("This court has held that substantial government interference with a defense witness' free and unhampered choice to testify violates due process rights of the defendant.") (quotation marks omitted).

As evidence of the government's interference with his defense, Denton first points to a request that Jamie made after he testified at trial, asking to speak to Denton. Even if Jamie's request were evidence of government interference, which we seriously doubt, it is not newly discovered evidence because Denton heard what Jamie said at trial when he said it. "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). Because the motion for

5

new trial was not filed until more than nine months after the trial had ended, it is untimely under Rule 33.

The evidence Denton says shows that the government interfered with his right to establish a defense by preventing Jonathon and Hollie from testifying on his behalf came from Jonathon and Hollie's post-trial affidavit; those affidavits included statements that law enforcement had instructed them not to have contact with Denton before the trial.

The district court did not abuse its discretion in finding that those statements in Jonathon and Hollie's affidavits were not credible. The court noted that it was apparent at trial that neither Jonathon nor Hollie wanted to speak to Denton. It based that finding on the fact that Denton had written letters to Jonathon suggesting that he testify falsely; Denton had made statements about trying to have Hollie murdered; and as a result Jonathon and Hollie chose (as opposed to having been instructed) not to speak to Denton. The district court noted that at trial it had given Hollie an opportunity to speak to Denton, and she had refused to do so. The court did not abuse its discretion in finding unfounded Denton's claims that the government interfered with his right to establish a defense.

## B.

Denton also contends that the newly discovered evidence demonstrates constitutional violations under Giglio v. United States, 405 U.S. 150, 92 S. Ct. 763

(1972), and <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S. Ct. 1194 (1963), and that, as a result, the district court abused its discretion by denying his motion for a new trial. "In order to succeed on a <u>Giglio</u> challenge, the defendant must demonstrate that the prosecutor knowingly used perjured testimony, or failed to correct what he subsequently learned was false testimony, and that the falsehood was material." <u>United States v. Vallejo</u>, 297 F.3d 1154, 1163–64 (11th Cir. 2002) (quotation marks omitted).  And to establish a <u>Brady</u> violation, a defendant must show that "(1) the government possessed favorable evidence to [him]; (2) [he] does not possess the evidence and could not obtain the evidence with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been disclosed to [him], there is a reasonable probability that the outcome would have been different."  <u>Id.</u> at 1164.

When law enforcement was investigating Denton for the bank robbery, they interviewed Hollie and, during one of those interviews, Hollie gave consent to search the apartment where she lived with Jonathon and Denton.  In her post-trial affidavit Hollie stated that she did not freely go to the police station to be interviewed about Denton and that investigators told her that she had no choice but to go to the station.  Denton contends that those statements demonstrate <u>Giglio</u> and <u>Brady</u> violations because they show that Hollie did not freely consent to law enforcement searching the apartment, and that some resulting evidence should

have been suppressed.  Hollie's affidavit, however, says nothing at all about the apartment search or her consent to it.  Even if her post-trial statements about not freely going to the police station were true, that would not render the apartment search unconstitutional, nor would it demonstrate a Giglio or Brady violation. See United States v. Jones, 475 F.2d 723, 730 (5th Cir. 1973) ("[A] defendant under arrest or in custody may voluntarily consent to a search . . . .").  The district court did not abuse its discretion in rejecting Denton's request for a new trial based on Hollie's affidavit.

In his affidavit, Jonathon stated that investigators had told him he would not be charged for any crimes related to the bank robbery if he testified against his father by identifying his father in the bank security camera footage.  Denton contends that Jonathon's affidavit demonstrates Giglio and Brady violations because it shows that the prosecution knowingly permitted Jonathon to commit perjury at trial and suppressed evidence by permitting Jonathon to state that he had not been promised anything in exchange for his testimony.

The district court found that those statements in Jonathon's affidavit were not credible.  It noted that Jonathon's testimony against Denton at trial — that the man in the bank security video walked like Denton — was consistent with the court's own observations of Denton's gait during the trial.  The court also noted that Denton had attempted to have Jonathon testify falsely in Denton's favor at

8

trial, which further undermined the credibility of Jonathon's post-trial statements in the affidavit.  As a result the district court did not abuse its discretion in concluding that the newly discovered evidence did not demonstrate either a Giglio violation (because Jonathon did not perjure himself at trial) or a Brady violation (because those statements did not credibly show that the prosecution suppressed any favorable testimony Jonathon could have given).[3]

## III.

Denton also contends that the district court abused its discretion in failing to hold an evidentiary hearing on his newly discovered evidence claims.  The district court found that, based on the record and insight gained from presiding at trial, the relevant statements in the affidavits were not credible and Denton's claims lacked merit.  It was permitted to make that finding under our Reed decision.  887 F.2d at 1404 n.12.  The district court did not abuse its discretion in deciding that no evidentiary hearing was required.

**AFFIRMED.**

---

[3] Denton also contends that the government failed to disclose other exculpatory evidence before trial.  The evidence he points to is eyewitness Sims' statement to law enforcement that the man driving the car fleeing from the bank robbery was "a black man with a gold grill."  Sims, however, testified at trial that the driver of the fleeing car was "a black man with a gold grill."  Assuming that the government did not disclose that evidence to Denton before trial, Denton heard it at trial and any alleged non-disclosure of it was not newly discovered evidence found after the trial ended.  Denton should have raised any arguments about non-disclosure during the trial or within 14 days "after the verdict or finding of guilty."  Fed. R. Crim. P. 33(b)(2).  He failed to do so.