[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16926
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cr-00013-MW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VERSIAH TAYLOR,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 13, 2017)

Before ED CARNES, Chief Judge, HULL, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Versiah Taylor was charged with one count of conspiracy to file false income tax returns in violation of 18 U.S.C. § 286, fifteen counts of filing false tax returns in violation of 18 U.S.C. § 287, fifteen counts of wire fraud in violation of 18 U.S.C. § 1343, and fourteen counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).  Taylor proceeded to a jury trial, where the evidence showed, among other things, that a red laptop discovered in Taylor's office had been used to file the fraudulent tax returns at issue.  A jury found Taylor guilty of all of the charged counts, and the district court sentenced him to 264 months imprisonment.  He appealed that conviction and sentence, and we affirmed.  United States v. Taylor, 652 F. App'x 902 (11th Cir. 2016) (unpublished).

Taylor then filed a Federal Rule of Criminal Procedure 33 motion for a new trial based on Terrance Goodman's affidavit, which Taylor contended offered newly discovered evidence.  According to that affidavit:  Goodman saw Marc Logan using a red laptop to visit TurboTax's website in September 2011.  A few months later Goodman saw Logan give that same red laptop, as well as some folders and files, to a friend named Danky.  Logan and Danky talked about Taylor and whether he had returned from an out-of-town trip, and then Danky took the laptop and the files into Taylor's office and left them there.  Even though Logan told Goodman that he was only borrowing the laptop, Goodman "had seen [Logan] working on that red laptop several different times in 2011 and 2012."

2

In his Rule 33 motion Taylor argued that the affidavit showed that Logan had used the red laptop to submit the false tax returns and had committed the crimes for which the jury found Taylor guilty.  The district court, without holding an evidentiary hearing, denied Taylor's Rule 33 motion.  Taylor then filed a motion for reconsideration and for appointment of counsel as to his Rule 33 motion, and the district court denied that motion as well.  Taylor now appeals the district court's denial of his Rule 33 motion as well as its denial of his request for appointment of counsel.[1]

We review for an abuse of discretion the district court's denial of a Rule 33 motion for a new trial and for an evidentiary hearing.  See United States v. Sweat, 555 F.3d 1364, 1367 (11th Cir. 2009).  We also review for an abuse of discretion the district court's decision not to appoint counsel.  See United States v. Berger, 375 F.3d 1223, 1226 (11th Cir. 2004).

Under Rule 33 a new trial is warranted based on newly discovered evidence only if the defendant shows that:

> (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the

---

[1] Taylor has filed in this Court an unopposed motion to submit his reply brief out of time. That motion is GRANTED.  To the extent Taylor contends in that reply brief that he is also appealing the district court's denial of his motion for reconsideration, he did not raise that issue in his initial brief and we do not address issues raised for the first time in a reply brief. See United States v. Levy, 379 F.3d 1241, 1244 (11th Cir. 2004).

3

evidence is such that a new trial would probably produce a different result.

United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003) (quotation marks omitted).  "The failure to satisfy any one of these elements is fatal to a motion for a new trial."  United States v. Thompson, 422 F.3d 1285, 1294 (11th Cir. 2005) (quotation marks omitted).

For purposes of a Rule 33 motion, a defendant cannot demonstrate due diligence if he was aware both of the existence of the person having newly discovered evidence and that the person had some possible connection to the investigation or commission of the crimes charged, yet failed to interview that person.  See id. at 1294–95 (holding that the defendant had not demonstrated due diligence because he "was aware of her existence and of her involvement in drugs before his trial [for drug conspiracy] began" and "[t]he only reasons [he] offer[ed] for the failure to interview [the person with the newly discovered evidence] before his trial was that she lived in North Carolina and that no one knew that she had information relevant to his case").

While Taylor contends that he did not know that Goodman had exculpatory information before or during the trial, he could have discovered that evidence before or during his trial had he exercised due diligence.  The record shows that Taylor was aware (1) of Goodman's existence, (2) that Goodman had been involved in other tax fraud investigations, and (3) that Goodman had been

4

interviewed during the investigation of the crimes for which Taylor was tried.  For example, at trial Special Agent Christopher Pekerol testified that he had interviewed Goodman during the investigation of the tax fraud for which Taylor was being tried because Goodman had in the past been investigated for tax fraud.  And government witness Joshca Hall testified that she had seen Goodman hanging around Taylor's office.  Because Taylor's only reason for failing to interview Goodman before or during the trial was that he did not know that Goodman had relevant information, and because he knew Goodman and knew that Goodman had been interviewed during the investigation of the crimes for which he was charged, he failed to demonstrate due diligence.  For that reason, the district court did not abuse its discretion in denying his motion for a new trial.[2]

Taylor also contends that the district court abused its discretion by ruling on his Rule 33 motion without holding an evidentiary hearing.  An evidentiary hearing on a Rule 33 motion is not required where the record contains all of the evidence needed to rule on that motion.  See United States v. Scrushy, 721 F.3d 1288, 1305 n.30 (11th Cir. 2013).  The record in Taylor's case made clear that the newly discovered evidence in Goodman's affidavit could, with due diligence, have been discovered before or during the trial.  As a result, there was no need for an

---

[2] The district court denied Taylor's Rule 33 motion based on its finding that Goodman's testimony would have been inadmissible at trial and could not have produced a different result. We may, however, "affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the [district court]." Thomas v. Cooper Lighting, 506 F.3d 1361, 1364 (11th Cir. 2007).

evidentiary hearing and the district court did not abuse its discretion by denying Taylor's request for one.

As for the district court's denial of Taylor's motion for appointment of counsel, the issue raised in Taylor's Rule 33 motion was not complex enough to require the assistance of counsel because it was clear from the record that the evidence could have been discovered with due diligence. See Berger, 375 F.3d at 1226–27 (holding that no Sixth Amendment right to counsel exists for a defendant filing a post-conviction, post-appeal Rule 33 motion and that, in deciding whether to appoint counsel, the district court should consider "the complexity of the issue presented" in that Rule 33 motion). For that reason, the district court did not abuse its discretion in denying Taylor's request for appointed counsel.

**AFFIRMED.**[3]

---

[3] Currently pending before this Court are (1) Taylor's motion to supplement the record and (2) the government's motion to file out of time a response to Taylor's motion to supplement the record. In his motion to supplement the record, Taylor contends that several portions of the trial transcripts have been deleted, and he describes the types of evidence and testimony that were deleted. Taylor's description shows that the omitted portions of the transcripts are not relevant for purposes of his Rule 33 motion. As a result, Taylor's motion to supplement the record is DENIED, and the government's motion to file its response out of time is DENIED AS MOOT.