[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 20-13727
Non-Argument Calendar

————————————————

D.C. Docket No. 0:15-cr-60079-JIC-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KADEEM WILLINGHAM,

Defendant - Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(September 10, 2021)

Before JORDAN, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Kadeem Willingham, a federal prisoner, appeals the district court's denial of

his motion for reconsideration of his compassionate release motion under 18 U.S.C.

§ 3582(c)(1)(A). Willingham argues that he has presented extraordinary and compelling reasons to justify a sentence reduction and that the district court erred in holding that it did not have jurisdiction over his motion. Because he has not presented extraordinary and compelling reasons, we affirm.

## I.

Willingham pleaded guilty to two counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 942(c)(1)(A)(ii), and the district court sentenced him to 32 years in prison. Willingham eventually filed a *pro se* motion for compassionate release, seeking a reduction in sentence. He argued in part that non-retroactive sentencing changes in the First Step Act created "extraordinary and compelling reasons" for relief under 18 U.S.C. § 3582(c)(1)(A). The district court denied that motion. It reasoned that Congress directed the Sentencing Commission to determine "what should be considered extraordinary and compelling reasons for a sentencing reduction," 28 U.S.C. § 994(t), and that it instructed the Commission to do so in an "applicable policy statement," 18 U.S.C. § 3582(c)(1)(A). That policy statement is found at U.S.S.G. § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1252 (11th Cir. 2021).

Note 1 of that policy statement states that extraordinary and compelling reasons include medical condition, age, or family circumstances of the defendant. Under Subsection 1(D), a reduction might also be based on "other reasons"

determined by the Director of the Bureau of Prisons. Because post-sentencing developments in law are not an extraordinary and compelling reason under Section 1B1.13 or under the BOP's program statement, the district court concluded that a reduction would be "inconsistent with the Sentencing Commission's policy statements," and it thus lacked jurisdiction to grant the motion. Willingham then filed a counseled motion for reconsideration, which the district court denied. Willingham now appeals.

## II.

We review a district court's denial of a motion for reconsideration for abuse of discretion. *United States v. Llewlyn*, 879 F.3d 1291, 1294 (11th Cir. 2018). But we "review *de novo* both determinations about a defendant's eligibility for a Section 3582(c) sentence reduction and questions of statutory interpretation." *Bryant*, 996 F.3d at 1251. If an asserted error is non-constitutional, then we also review it for harmlessness. *United States v. Sweat*, 555 F.3d 1364, 1367 (11th Cir. 2009). That means that the defendant cannot prevail if "viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect." *United States v. Mathenia*, 409 F.3d 1289, 1292 (11th Cir. 2005) (cleaned up). In other words, "if one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." *Id.* (cleaned up).

3

## III.

Willingham makes three arguments on appeal. First, he argues that the district court erroneously concluded that it lacked jurisdiction to reduce his sentence. Second, he argues that Section 1B1.13 did not limit the district court's authority to reduce his sentence. Third, he argues that the combination of factors he argued before the district court amounted to extraordinary and compelling reasons to reduce his sentence. We review each of these arguments in turn.

First, Willingham argues that the district court erred in concluding that it lacked "jurisdiction" to reduce his sentence under Section 3582(c)(1)(A). He asserts that any limitations in that statute are instead non-jurisdictional in nature. It is true that the text of Section 3582(c)(1)(A) does not contain any jurisdictional restrictions and that the district court did have jurisdiction over Willingham's Section 3582(c)(1)(A) motion. But the district court's references elsewhere to "authority" show that its denial was based on its lack of statutory authority to reduce Willingham's sentence, not a lack of jurisdiction. So although the court's reference to "jurisdiction" was inaccurate, that error was harmless because the district court did lack statutory authority to reduce Willingham's sentence.

Second, Willingham disagrees with the conclusion that the district court lacked statutory authority under Section 3582(c)(1)(A) to reduce his sentence. He

4

argues that Section 1B1.13 is not controlling in his case. This Court's decision in *Bryant* forecloses that argument. *Bryant*, 996 F.3d at 1252. There, we held that "the commonsense reading of 'applicable policy statements' includes U.S.S.G. § 1B1.13, no matter who files the motion." *Id.* We also concluded that "Application Note 1(D) is not at odds with the amended Section 3582(c)(1)(A)." *Id.* at 1263. We are bound by that precedent. *See United States v. Romo-Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012).

Willingham's counseled reply brief also attacks the validity of Section 1B1.13 on various other grounds. But none of those arguments were raised in Willingham's initial brief, and, except in limited circumstances that do not apply here, *see United States v. Durham*, 795 F.3d 1329, 1331 (11th Cir. 2015), we have "repeatedly . . . refused to consider issues raised for the first time in an appellant's reply brief," *United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004). We therefore refuse to consider the arguments raised in Willingham's reply brief.

Third, Willingham asserts in his reply brief that the combination of factors he argued before the district court, which are based on his view of the initial sentencing factors under 28 U.S.C. § 3553(a), rise to the level of extraordinary and compelling reasons for compassionate release under Section 1B1.13. The district court correctly held that such routine sentencing arguments, unrelated to medical conditions, family circumstances, or advanced age, do not satisfy the policy statement's eligibility

criteria. Moreover, this argument was not raised in Willingham's counseled initial brief. *See Levy*, 379 F.3d at 1244.

The district court correctly concluded that Willingham had not presented an extraordinary and compelling reason and that it thus lacked authority to grant him relief under 18 U.S.C. § 3582(c)(1)(A).

**AFFIRMED.**