[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 11, 2011
JOHN LEY
CLERK

No. 11-10528
Non-Argument Calendar
_____

D.C. Docket No. 0:09-cr-60202-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL D. BEITER, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 11, 2011)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Michael David Beiter, Jr., appeals his convictions for attempting to interfere

with the administration of the Internal Revenue Service ("IRS"), in violation of 26

U.S.C. § 7212; tax evasion, in violation of 26 U.S.C. § 7201; and knowingly passing or offering fictitious financial instruments, in violation of 18 U.S.C. § 514. His appeal presents one issue: "Whether the admission in evidence of a 63-page document entitled 'The Truth About Frivolous Tax Arguments,' to refute Beiter's good faith defense, was reversible error, because there was no evidence that Beiter ever saw or read this document, in whole or in part." Appellants Br. at 2.

Beiter argues that Federal Rule of Evidence 403 precluded the admission of this document into evidence because it lacked any probative value and was grossly prejudicial because it completely eviscerated his good-faith-belief defense that the payment of taxes was voluntary.

We generally review a district court's evidentiary rulings for a clear abuse of discretion. *United States v. Tinoco*, 304 F.3d 1088, 1119 (11th Cir. 2002). Even where the district court has abused its discretion, evidentiary and other non-constitutional errors are not grounds for reversal absent a "reasonable likelihood that they affected the defendant's substantial rights." *United States v. Mendez*, 117 F.3d 480, 486 (11th Cir. 1997). The Government bears the burden of establishing that an error is harmless. *United States v. Sweat*, 555 F.3d 1364, 1367 (11th Cir. 2009). "Reversal is warranted only if the error resulted in actual prejudice because it had substantial and injurious effect or influence in

determining the jury's verdict." *United States v. Phaknikone*, 605 F.3d 1099, 1109 (11th Cir.) (internal quotations omitted), *cert. denied*, 131 S.Ct. 643 (2010). We review the trial record in its entirety when making the determination of harmless error. *Id.* (citation omitted).

Federal Rule of Evidence 402 states that "[a]ll relevant evidence is admissible." "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. However, as Rule 403 provides, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180, 117 S.Ct. 644, 650, 136 L.Ed.2d 574 (1997). "While it is true that all evidence which tends to establish the guilt of a defendant is, in one sense, prejudicial to the defendant, . . . that does not mean that such evidence should be excluded." *United States v. Norton*, 867 F.2d 1354, 1362 (11th Cir. 1989) (citation and internal alterations omitted).

Section 7212 of Title 26 of the U.S. Code requires the Government to

establish that a defendant corruptly obstructed or impeded, or attempted to obstruct or impede, the due administration of the Internal Revenue Code. 26 U.S.C. 7212(a); *United States v. Popkin*, 943 F.2d 1535, 1535-36 (11th Cir. 1991). To obtain a conviction for tax evasion under 26 U.S.C. § 7201, the Government must prove three elements: willfulness, the existence of a tax deficiency, and an affirmative act constituting evasion or attempted evasion. *United States v. Callahan*, 588 F.2d 1078, 1081 (5th Cir. 1979) (quotation omitted). It is a criminal violation to knowingly pass, utter, present, offer, broker, issue, or sell a false or fictitious instrument or document issued under the authority of a state or federal government entity. 18 U.S.C. § 514.

In *United States v. Cheek*, 498 U.S. 192, 201, 203, 111 S.Ct. 604, 610-11, 112 L.Ed.2d 617 (1991), the Supreme Court held that the Seventh Circuit erred in holding that a good-faith misunderstanding of tax law must be objectively reasonable "if it is to be considered as possibly negating the Government's evidence purporting to show a defendant's awareness of the legal duty at issue." The Court noted, however, that "the more unreasonable the asserted beliefs or misunderstandings are, the more likely the jury will consider them to be nothing more than simple disagreement with known legal duties imposed by the tax laws and will find that the Government has carried its burden of proving knowledge."

4

*Id.* at 203-04, 111 S.Ct. at 611-12.

In *United States v. Morris*, we reversed the defendants' convictions for filing false income tax returns, holding that the district court erred when it failed to give a good-faith-defense instruction and material prejudice occurred. 20 F.3d 1111, 1113-14, 1118 (11th Cir. 1994). We noted that the Government was required to negate "a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any of the provisions of the tax laws." *Id.* at 1115.

In this case, the evidence was more than adequate to support a jury finding of guilt on the charges contained in the indictment. Moreover, the district court did not abuse its discretion by admitting the IRS publication into evidence at trial because the document was relevant to the credibility of Beiter's good-faith defense regarding the nature of tax laws. The probative value of the publication was not substantially outweighed by unfair prejudice because the document was important to show that the IRS had attempted to furnish requested information to Beiter and address many of his arguments regarding the payment of taxes. Even if we were to assume that the court abused its discretion, any error was harmless because it did not affect Beiter's substantial rights.

AFFIRMED.