[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12282

Non-Argument Calendar

_____

MICHAEL D. BEITER, JR.,

Defendant-Appellant,

*versus*

UNITED STATES OF AMERICA,

Plaintiff-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:09-cr-60202-JIC-1

_____

2                    Opinion of the Court                22-12282

Before LAGOA, BRASHER, and TJOFLAT, Circuit Judges.

PER CURIAM:

Michael David Beiter, Jr., a federal prisoner proceeding *pro se*, appeals the District Court's order denying his post-judgment motion for disclosure of grand jury materials in his underlying criminal case. The government, in turn, has moved for summary affirmance and to stay the briefing schedule.

I.

A grand jury originally charged Beiter with multiple felonies in 2009. In a second superseding indictment, it charged him with one count of corruptly endeavoring to impede the due administration of the Internal Revenue laws, 26 U.S.C. §§ 2, 7212(a); three counts of willful attempt to evade income taxes, 26 U.S.C. §§ 2, 7201; and six counts of security instrument fraud, 18 U.S.C. §§ 2, 514. A jury found him guilty of all 10 counts. The District Court for the Southern District of Florida sentenced him to a total of 120 months' imprisonment, followed by 5 years' supervised release, in 2011, later entering an amended judgment with a modification related to restitution.

Beiter appealed, but we affirmed shortly thereafter. *United States v. Beiter*, 448 F. App'x 900 (11th Cir. 2011) (unpublished).

Following a series of events not relevant to the current appeal, in March 2022, Beiter moved, *pro se*, to receive "a copy of any and all grand jury transcripts for each and every grand jury hearing"

against him, including all the hearings leading to the second super-seding indictment.[1]  He asserted that the government committed perjury before the grand jury to secure a fraudulent indictment against him.

The District Court denied the motion, finding that Beiter had not shown a particularized need for the grand jury materials as he had not shown how they would help grant him relief in any forthcoming 28 U.S.C. § 2255 motion.  The District Court further found that a petit jury finding him guilty meant that there was probable cause to believe he was guilty as charged, and any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt.

Beiter did not immediately appeal; he instead moved for re-consideration, largely raising arguments he had raised previously. The District Court denied the motion, and Beiter appealed.  The government, in turn, moved for summary affirmance.

II.

---

[1] Beiter's motion for disclosure of grand jury materials was made under Fed. R. Crim. P. 6(e)(3)(E)(i) and (ii).  According to Rule 6(e)(3)(E), "[t]he court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding; [or] (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a mater that occurred before the grand jury."

On appeal, Beiter, who is still *pro se*, argues that the District Court abused its discretion in denying his motion for grand jury transcripts based on the government committing perjury to achieve an unconstitutional indictment for what would otherwise be legal conduct. Beiter asserts that he needs the grand jury materials to prepare a future 28 U.S.C. § 2255 motion that will show his actual innocence. Beiter does not expressly refer to his motion for reconsideration in his brief.

Rather than responding, the government moves for summary affirmance and to stay the briefing schedule. It argues that Beiter had not identified a pending judicial proceeding or any actual use of grand jury material to support anticipated litigation. It asserts that his request for all grand jury transcripts does not demonstrate a particularized need, instead it represented "an unauthorized fishing expedition" based on broad speculation. It contends that Beiter's conviction by a petit jury meant that any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt. The government also argued that the District Court correctly denied Beiter's motion for reconsideration.

Summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case . . . ." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162

(5th Cir. 1969).[2]  A motion for summary affirmance or summary reversal shall postpone the due date for the filing of any remaining brief until we rule on such motion.  11th Cir. R. 31-1(c).

We review a district court's decision denying disclosure of grand jury transcripts for an abuse of discretion, keeping in mind that the district court has substantial discretion in determining whether grand jury materials should be released.  *United States v. Aisenberg*, 358 F.3d 1327, 1338, 1349 (11th Cir. 2004).  A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings that are clearly erroneous.  *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011).

*Pro se* pleadings are liberally construed.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  We "may affirm for any reason supported by the record, even if not relied upon by the district court."  *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (quotation marks omitted).  A party abandons a claim when he fails to raise it plainly and prominently in his initial brief.  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

It has been a long-standing policy of the law that grand jury proceedings should be kept secret and only disclosed in limited

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981).

circumstances. *Aisenberg*, 358 F.3d at 1346. However, a district court may authorize disclosure of a grand jury matter preliminarily to or in connection with a judicial proceeding. Fed. R. Crim. P. 6(e)(3)(E)(i). This exception only applies when a party seeking material shows a particularized need for that material. *See Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222–24, 99 S. Ct. 1667, 1674–75 (1979). A party meets that standard when he shows that he needs the material he seeks to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that his request is structured to cover only material so needed. *Id.* at 222, 99 S. Ct. at 1674.

We have held that a party meets a particular need standard when he shows that circumstances created certain difficulties peculiar to his case which could be alleviated by access to specific grand jury material, without doing disproportionate harm to the statutory purpose embodied in the grand jury process. *Aisenberg*, 358 F.3d at 1348–49. Unsubstantiated allegations do not satisfy the particularized need standard, however. *United States v. Cole*, 755 F.2d 748, 759 (11th Cir. 1985). Additionally, a blanket request for all grand jury materials cannot be described as the kind of particularized request required for the production of otherwise secret information. *Aisenberg*, 358 F.3d at 1349. The breadth of a request for all materials makes it virtually impossible for a defendant to demonstrate that each of the hundreds of sought-after grand jury items is likely to be exculpatory as he suggests. *United Kingdom v. United States*, 238 F.3d 1312, 1321 (11th Cir. 2001).

Any error in a grand jury proceeding is harmless beyond a reasonable doubt when a petit jury enters a guilty verdict, as the guilty verdict means that there was probable cause to believe that the defendant was guilty, and that the defendant was in fact guilty as charged beyond a reasonable doubt. *United States v. Mechanik*, 475 U.S. 66, 70, 106 S. Ct. 938, 942 (1986).

Though the rules of criminal procedure do not explicitly provide for motions for reconsideration in criminal cases, both this Court and the Supreme Court have permitted such motions. *See United States v. Phillips*, 597 F.3d 1190, 1199 (11th Cir. 2010) (collecting cases). However, a motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

Here, we grant the government's motion, as the District Court did not abuse its discretion by denying Beiter's post-judgment motion for grand jury transcripts. Beiter's request for grand jury transcripts is for "a copy of any and all grand jury transcripts for each and every grand jury hearing" against him. Although he asserted a need for the documents based on allegations of perjury by the government, his request was fundamentally a blanket request for the production of otherwise secret information. Such a request does not demonstrate a particularized need. *Aisenberg*, 358 F.3d at 1349.

Additionally, the breadth of Beiter's request for "any and all" grand jury materials made it virtually impossible for all the items he requested to be exculpatory. *United Kingdom*, 238 F.3d at 1321. He did not structure his request for the entire grand jury record to demonstrate why he needed those particular documents, instead arguing that he needed the entire record to isolate instances where he claimed there was perjury. *See Douglas Oil Co. of Cal.*, 441 U.S. at 222, 99 S. Ct. at 1674. Additionally, Beiter argues that he needs the material to correct an injustice in a future § 2255 proceeding, but he did not show how his demand for the entire grand jury proceeding would not disproportionately harm the purpose of the statutory secrecy of the grand jury proceedings. *Aisenberg* at 1348–49.

Additionally, to the extent Beiter argues that he needs these documents to show that he was indicted improperly, since he was convicted by a petit jury, any such errors with the indictment, should they exist, are considered harmless error. *Mechanik*, 475 U.S. at 70, 106 S. Ct. at 942.

As for his motion for reconsideration, Beiter does not explicitly refer to it in his initial brief, so any issue in that respect is abandoned. *Sapuppo*, 739 F.3d at 681. However, even if we liberally construe his arguments to include his motion for reconsideration, he argues broadly the same issues in his motion for reconsideration as he does in the original motion. *Tannenbaum*, 148 F.3d at 1263. Thus, the District Court still correctly denied the motion, because he used the motion for reconsideration to relitigate old matters. *Michael Linet, Inc.*, 408 F.3d at 763.

22-12282               Opinion of the Court                    9

Accordingly, because the government's position is clearly correct as a matter of law, we **GRANT** the government's motion for summary affirmance and **DENY** its motion to stay the briefing schedule as moot per 11th Cir. R. 31-1(c). *Groendyke Transp., Inc.*, 406 F.2d at 1162.